**Maria Guadalupe RAMIREZ,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

**Nos. 06–71378, 06–74938.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

Susan E. Hill, Esq., Hill Piibe & Villegas, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Joanne E. Johnson, Esq., San Francisco, CA, Melissa Neiman–Kelting,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Maria Guadalupe Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") orders summarily affirming the immigration judge's decision denying her application for cancellation of removal,. and denying her motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and review de novo due process claims, *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005). We deny in part and dismiss in part the petition for review in No. 06–71378 and deny the petition for review in No. 06–74938.

We lack jurisdiction to review the agency's determination that Ramirez failed to show exceptional and extremely unusual hardship to a qualifying relative. *Id.*

Ramirez's contention that the hardship standard set forth in 8 U.S.C. § 1229b(b)(1)(D) is unconstitutionally vague is unpersuasive. The BIA's interpretation of the hardship standard in her case falls within the broad range of interpretations authorized by the statutory language. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003).

The BIA did not abuse its discretion in denying Ramirez's motion to reopen after concluding that she was provided a full and fair opportunity to present her application for cancellation of removal and that consolidation of her concluded case with her husband's still pending case was not warranted. *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part in No. 06–71378.**

**PETITION FOR REVIEW DENIED in No. 06–74938.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

